IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., d/b/a ONCOLOGY SUPPLY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PAUL V. WOOLLEY, M.D., P.C.<br><br>Defendant. | CIVIL ACTION NO.<br>1:07-cv-631-MHT |

### FIRST AMENDED COMPLAINT

The plaintiff, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company ("OSC"), by and through its counsel, hereby files this First Amended Complaint against the defendant, Paul V. Woolley, M.D., P.C. ("Woolley"), pursuant to the Court's August 9, 2007 Order. In support, Plaintiff avers as follows:

### THE PARTIES

1. ASD Specialty Healthcare, Inc. is a California corporation with its principal place of business in Texas. ASD Specialty Healthcare, Inc. operates under various d/b/a's or trade names, including Oncology Supply, which maintains an office at 2801 Horace Shepard Drive, Dothan, Alabama.

2. Paul V. Woolley, M.D., P.C. is a Pennsylvania professional corporation with a principal place of business in Pennsylvania, and it maintains an office at 88 Osborne Street, Johnstown, Pennsylvania 15905.

1592906 v1

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a) because (a) the plaintiff is a citizen of the State of California and the State of Alabama, (b) the defendant is a citizen of the Commonwealth of Pennsylvania, and (c) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.    The defendant is subject to personal jurisdiction in this judicial district because, inter alia, the defendant conducts business in this judicial district and has consented to jurisdiction in Alabama.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) and (a)(3) because, inter alia, a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in this judicial district, and the defendant is subject to personal jurisdiction because defendant consented to the jurisdiction of this court.

## BACKGROUND

6.    OSC is a supplier of medical and pharmaceutical products.

7.    At all times relevant hereto, and as set forth more fully below, the defendant Woolley (a) solicited business with, (b) negotiated with, (c) had products shipped by, (d) communicated with, (e) submitted documents to, and (f) contracted with OSC in Dothan, Alabama.

8.    At various times and at Woolley's request, OSC sold and delivered to Woolley, pharmaceutical and other products (the "Goods").

9. The relationship between OSC and Woolley is memorialized in an agreement (the "Agreement") dated August 7, 2003, a copy of which is attached hereto, incorporated herein and marked Exhibit "1".

10. Despite demand, Woolley has failed to make payment to OSC for the Goods.

11. As a result of Woolley's defaults, all sums owed by Woolley to OSC are immediately due and payable in full.

12. As of July 6, 2007, the outstanding obligation due to OSC from Woolley exceeded $560,065.25, plus late charges and attorneys' fees and costs, as set forth on the schedule of amount due attached hereto, incorporated herein, and marked Exhibit "2".

13. Pursuant to the terms of the Agreement, OSC is also entitled to collect interest on the principal amount at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice.

## COUNT I
## BREACH OF CONTRACT
## OSC V. WOOLLEY

14. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

15. A valid contract and course of dealing existed between OSC and Woolley whereby, in return for OSC supplying the Goods to Woolley, Woolley would pay OSC for those Goods.

16. OSC complied with its contractual obligations by supplying the Goods to Woolley, and invoicing Woolley for payment.

17. Despite the fact that OSC sent invoices to Woolley and demanded payment for the Goods supplied, Woolley failed and refused, and continues to fail and refuse, to make payment to OSC in accordance with Woolley's obligations under the Agreement or otherwise.

18. Accordingly, Woolley has breached materially the terms of the contract between it and OSC.

19. As a result of this material breach of contract by Woolley, OSC has been damaged in an amount in excess of $560,065.25.

WHEREFORE, ASD Specialty Healthcare, Inc. d/b/a Oncology Supply Company respectfully requests the entry of a judgment in its favor and against Woolley in an amount in excess of $560,065.25, interest at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice, attorneys' fees and costs, and such other and further relief as this Court deems just.

### COUNT II
### BREACH OF ACCOUNT STATED
### OSC V. WOOLLEY

20. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

21. Beginning in 2003, OSC had an ongoing business relationship with Woolley pursuant to which OSC sold Goods to Woolley, and Woolley paid for such Goods in accordance with the terms of various statements of account sent from OSC to Woolley.

22. OSC invoiced Woolley in a timely fashion for the Goods detailed above, which Goods were shipped at Woolley's request.

23. Woolley had an opportunity to review the relevant invoices and raise any objections regarding the accuracy of the information contained therein including, among other things, the amount stated as due.

24. Woolley has never objected to the amounts set forth in OSC's invoices.

25. Despite repeated demand, Woolley has failed to pay OSC the total amounts due as invoiced. A balance remains due.

26. As a direct and proximate result of Woolley's failure to pay its accounts as stated, OSC has been damaged in an amount in excess of $560,065.25.

WHEREFORE, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company respectfully requests the entry of a judgment in its favor and against Woolley in an amount in excess of $560,065.25, plus interest at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice, attorneys' fees and costs, and such other and further relief as this Court deems just.

### COUNT III
### UNJUST ENRICHMENT
### OSC V. WOOLLEY
### (ALTERNATIVE COUNT)

27. OSC incorporates herein by this reference the allegations set forth in the foregoing paragraphs of this complaint, as though they were set forth fully and at length.

28. OSC conferred a benefit upon Woolley, to which Woolley was not entitled, by providing Woolley with the Goods.

29. Despite repeated demand, Woolley has refused to return the Goods and/or to pay for them.

30. By accepting delivery of the Goods supplied by OSC, retaining them, and not paying OSC for them, Woolley has been unjustly enriched at OSC's expense, in an amount in excess of $560,065.25, thereby damaging OSC.

WHEREFORE, ASD Specialty Healthcare, Inc., d/b/a Oncology Supply Company respectfully requests the entry of a judgment in its favor and against Woolley in an amount in excess of $560,065.25, interest at the contractual rate of eighteen per cent (18%) per annum on each outstanding invoice, attorneys' fees and costs, and such other and further relief as this Court deems just.

Respectfully submitted,

s/Elizabeth B. Shirley
One of the attorneys for Plaintiff

**OF COUNSEL:**

**BURR & FORMAN, LLP**
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: 205-458-5100
email: bshirley@burr.com

**TO BE SERVED VIA CERTIFIED MAIL ON:**

PAUL V. WOOLLEY, M.D., P.C.
88 Osborne Street
Johnstown, Pennsylvania 15905

JAMES R. WALSH
Spence, Custer, Saylor, Wolfe & Rose, LLC
216 Franklin St.
P.O. Box 280
Johnstown, Pennsylvania 15907-0280